IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
NOV 24 2014
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

JEFFREY EDWARD PORTER,

PETITIONER,

v.  :  CIVIL ACTION NO. 2:14-cv-15

HAROLD W. CLARKE, Director,
Virginia Department of Corrections,

RESPONDENT.

## REPORT AND RECOMMENDATION

This matter is before the Court on *pro se* Petitioner Jeffrey Edward Porter's ("Porter") Petition for Writ of Habeas Corpus, ECF No. 1, filed pursuant to 28 U.S.C. § 2254, and the Respondent's Motion to Dismiss, ECF No. 10. After being fully briefed, the Motion was referred for disposition to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 10, be **GRANTED**, and that Porter's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

## I. FACTUAL AND PROCEDURAL BACKROUND

On January 5, 2012, in the Circuit Court of the City of Norfolk ("trial court"), a jury convicted Porter of unlawful wounding, and he was sentenced to five years' imprisonment.

Porter timely appealed his conviction and sentence to the Court of Appeals of Virginia, and on July 25, 2012, his appeal was denied. ECF No. 11, attach. 2. The Supreme Court of Virginia refused his petition for appeal on November 30, 2012. *Id.*, attach. 3. Next, on February 19, 2013, Porter filed a petition for habeas corpus in the trial court. *Id.*, attach. 4. Subsequently, Porter moved to amend the habeas petition, adding new claims, *id.*, attach. 5, which the trial court granted on April 29, 2013, *id.*, attach. 6. On June 24, 2013, after addressing all of Porter's claims, the trial court dismissed Porter's habeas petition. *Id.*, attach. 8. Although Porter stated that he appealed this dismissal, ECF No. 1 at 2, 10, Porter proffered no record of the appeal, and no evidence of an appeal was delivered to the undersigned.

Porter filed the instant petition on January 3, 2014,[1] and attached numerous handwritten pages to the instant petition that appear, in part, to be identical to documentation filed in the trial court in support of Porter's state habeas petition. *Compare* ECF No. 1 at 15-20, *with* ECF No. 11, attach. 4 at 5-10. Although Porter listed four grounds in his federal habeas petition, the duplicate pages from the state habeas petition present many additional claims. Accordingly, the undersigned will consider all of Porter's claims, including those reiterated to the Court from the identical submission in his state habeas petition.

In his federal habeas petition, Porter raised the following claims:

I. Prosecutorial misconduct because the prosecutor made a "false declaration" at trial of the biological relationship between Porter and the victim, ECF No. 1 at 5, "use[d] her position of credibility with the court to suppress evidence, *id.* at 17, "tamper[ed] with witnesses," *id.*, and had everyone "believing the fighting between [the victim] and the defendant was in slow motion," *id.* at 18.

---

[1] Because Porter did not indicate when he placed his petition in the prison mailing system, *see* ECF No. 1 at 14, the undersigned uses the date the petition was received by the Clerk as the date of filing.

II. Newly discovered evidence from the transcript of defense counsel's motion to withdraw that "proves negligence of how [defense counsel] fail[ed] to produce crucial evidence" and "disprove[s] everything the prosecution raise[d] against" Porter. *Id.* at 6.

III. Ineffective assistance of counsel because counsel "abandone[d] [Porter], his client, at hearing to set aside verdict." *Id.* at 8.

IV. "Fourth Amendment violation – warrant issue." *Id.* at 10.

V. Violation of the Speedy Trial Act and prosecutorial misconduct because "there was no reason for the counts to [be] nolle prosequi." *Id.* at 15.

The Attorney General of Virginia, acting on behalf of the Respondent, filed a Rule 5 response, a Motion to Dismiss, a brief in support, and *Roseboro* notice on June 6, 2014. ECF Nos. 9-12. After the time to do so expired, Porter filed a response to the Respondent's Motion to Dismiss. ECF No. 14. Thus, the Motion to Dismiss is ripe for a recommended disposition.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Statute of Limitations

Section 2254 petitions are subject to a one-year statute of limitations and must be dismissed if they are filed later than one year after the conclusion of direct review of the conviction or the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A). Generally, the limitation period for filing a § 2254 petition is statutorily tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending. 28 U.S.C. § 2244(d)(2). To be properly filed, the petition must comply with the state's procedural rules imposed on post-conviction petitions, *Pace v. DiGuglielmo*, 544 U.S. 408, 413-17 (2005) (denying statutory tolling to an improperly filed petition when the state court rejected the petition as untimely), and violation of

those rules, including "time limits, place for filing and filing second or successive petitions," will render that petition improperly filed and ineligible for statutory tolling, *Rodgers v. Angelone*, 113 F. Supp. 2d 922, 929 (E.D. Va. 2000). Moreover, the time in which a habeas petition is pending in federal court does not toll the one-year statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 172 (2001).

Preliminarily, it is unclear whether Porter petitioned for writ of certiorari to the Supreme Court of the United States. Indeed, the undersigned could find no record of said petition, besides Porter's statement that he did file such a petition for certiorari after the Supreme Court of Virginia denied his appeal. ECF No. 1 at 2. Notably, however, Porter stated that he filed a petition to the Supreme Court of the United States on April 23, 2013. *Id.* Such a late filing would violate Rule 13(1), which permits only ninety days in which to file a petition to the Supreme Court of the United States after the final order of the state supreme court. Thus, without evidence of a properly filed petition for certiorari, the undersigned will consider the one-year limitation period to begin to run on February 28, 2013, after the conclusion of ninety days in which Porter could file a petition for writ of certiorari to the Supreme Court of the United States. *See* Sup. Ct. R. 13(1). Additionally, the time that Porter's state habeas petition was pending before the trial court is eligible for statutory tolling, for a total of one hundred twenty-six days to be tolled from the one-year statute of limitation. Thus, Porter had until July 4, 2014 to file his federal habeas petition, and accordingly, the undersigned **FINDS** that Porter's instant federal habeas petition is timely.

### B. Exhaustion and Procedural Default

Before addressing the merits of a federal habeas petition, the preliminary inquiry must be whether the petitioner appropriately exhausted his claims and whether the petitioner's claims are

barred by procedural default. Section 2254 allows a prisoner held in state custody to challenge his detention on the ground that his custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner, however, must exhaust his available state remedies or demonstrate the absence or ineffectiveness of such remedies before petitioning for federal habeas relief in order to give "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Importantly, "[t]he burden of proving that a claim is exhausted lies with the habeas petitioner." *Id.* at 618. The exhaustion requirement is satisfied if the prisoner seeks review of his claim in the highest state court with jurisdiction to consider it through either direct appeal or post-conviction proceedings, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999), and the "essential legal theories and factual allegations advanced in the federal court [are] the same as those advanced at least once to the highest state court," *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993).

None of Porter's claims presented in the instant federal habeas petition were exhausted in the state court. Although Porter claimed that he appealed the state habeas petition, ECF No. 1 at 2, 10, he proffered no record of the appeal, and no evidence of an appeal from the habeas petition was delivered to the undersigned from the Court of Appeals of Virginia. Porter raised numerous claims in his state habeas petition, many of which were regurgitated in the present federal habeas petition, but Porter failed to exhaust them because he did not appeal the trial court's decision. Indeed, the only potential claim that Porter properly exhausted during his state proceeding was sufficiency of the evidence, *see* ECF No. 11, attach. 2, but Porter does not challenge sufficiency in the instant petition. Therefore, Porter failed to meet his burden of proving exhaustion.

However, this finding does not conclude the exhaustion analysis of Porter's claims because "a claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000). Simultaneous exhaustion and procedural default "occurs when a habeas petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Breard*, 134 F.3d at 619 (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)). Indeed, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." *Baker*, 220 F.3d at 288.

As Porter did not present his claims to the Supreme Court of Virginia, they are unexhausted. However, if Porter attempted to raise these claims now, they would be procedurally barred as untimely, under Virginia Code § 8.01-654(A)(2), which provides a one-year statute of limitations, and as successive, under Virginia Code § 8.01-654(B)(2), which prohibits successive habeas petitions. Thus, "[s]ince the procedural bar that gives rise to exhaustion is an independent and adequate state ground, [all] of [Porter's] claims raised in the instant petition must be treated as simultaneously exhausted and procedurally barred from federal habeas review." *Sparrow v. Dir., Dept. of Corrs.*, 439 F. Supp. 2d 584, 588 (E.D. Va. 2006).

Notwithstanding Porter's simultaneous exhaustion and procedural default of his claims, he may still overcome procedural default and have his claims addressed on the merits if "he is able to demonstrate cause and prejudice for the default or demonstrate that failure to review the claims will result in a fundamental miscarriage of justice." *Edwards v. Johnson*, No. 2:10cv339,

2010 WL 5825427, at *3 (E.D. Va. Dec. 15, 2010) (citing *Coleman*, 501 U.S. at 750; *Savino v. Murray*, 82 F.3d 593, 602 (4th Cir. 1996)). "In order to show 'cause' for the default, [a petitioner] must establish 'that some objective factor external to the defense impeded [his] efforts to raise the claim in state court at the appropriate time.'" *Breard*, 134 F.3d at 619 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). "The following objective factors may constitute cause: '(1) interference by officials that makes compliance with the State's procedural rule impracticable; (2) a showing that the factual or legal basis for a claim was not reasonably available to counsel; (3) novelty of the claim; and (4) constitutionally ineffective assistance of counsel.'" *Ensley v. Johnson*, No. 3:10cv543, 2011 WL 6695004, at *5 (E.D. Va. Dec. 21, 2011) (quoting *Wright*, 151 F.3d at 160 n.5). The inquiry focuses, then, on "whether petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim in the first petition and pursue the matter through the habeas process." *McClesk v. Zant*, 499 U.S. 467, 498 (1991). However, "[m]ere failure to discover the factual basis of the claim does not establish cause." *Silk v. Johnson*, No. 3:08cv271, 2009 WL 742552, at *3 (E.D. Va. Mar. 20, 2009) (citations omitted).

Captioned as a separate ground for relief under Claim II, Porter claimed that he only recently discovered evidence to prove his claim for prosecutorial misconduct, and that Porter's trial counsel was negligent for failing to "produce crucial evidence."[2] He claimed that he "discovered" the evidence of the transcript when his attorney stated at a post-trial hearing that he was "not the biological father of [the] victim . . . which is proof of the falsity of [the]

---

[2] Notably, Porter raised a claim for ineffective assistance of defense counsel in his state habeas petition on the grounds that "defense counsel erred in not obtaining a DNA document providing he was not the father of the victim." ECF No. 11, attach. 8 at 6. Although Porter did not present the same transcript excerpt to the trial court that he presented in the instant petition, he did argue to the trial court that "the proof is in the transcript." *Id.*, attach. 5 at 24. The trial court dismissed this claim on the grounds that "petitioner's failure to provide anything in support of the present ineffective counsel claim demonstrates its utterly insubstantial nature. Porter also fails to demonstrate a reasonable probability of a different result at trial, but for defense counsel's claimed failure to seek a DNA document proving that he was not the victim's biological father." *Id.*, attach. 8 at 6.

prosecutor." ECF No. 1 at 5. He argued that the prosecutor knew he was not biologically related to the victim and that she made a "false declaration" of the biological relationship, which resulted in Porter's "wrongful conviction." *Id.* Specifically, the "newly discovered evidence" is a segment of the transcript from Porter's trial counsel's motion to withdraw hearing, wherein defense counsel stated at the hearing:

> This was a jury trial that took place on May 18th of this year for malicious wounding. We presented evidence. Mr. Porter himself testified. The court will recall this was a stabbing of another young man who was believed to be Mr. Porter's son who was not actually biologically related.

*Id.* at 93. Thus, Porter attempts to overcome procedural default via the second objective factor to establish cause. Notably, Porter's "newly discovered evidence" argument relates only to Claim I for prosecutorial misconduct and Claim II, which the undersigned interprets to contain an ineffective assistance of counsel claim for failure to discover crucial evidence at trial. The newly discovered evidence is unrelated to the rest of Porter's claims, for which Porter proffered no argument to overcome the claims' procedural default.

Preliminarily, Porter's argument that the transcript is newly discovered evidence is weak, at best, and, in fact, is inherently inconsistent. The very nature of Porter's submission of a transcript, from a hearing at which he was present, indicates that Porter heard the statement at the time it was made. Indeed, "[s]ince the newly discovered evidence advanced by [Porter] is merely a transcript of testimony heard by [Porter] during the [motion to withdraw hearing], it cannot logically be considered newly discovered evidence." *United States v. Hamilton*, No. 3:11CR13, 2014 WL 3965034, at *2 (E.D. Va. Aug. 13, 2014) (discussing whether a transcript was newly discovered evidence for purposes of retrial).

However, even assuming arguendo that a transcript can be considered newly discovered evidence, Porter fails to overcome his procedural default. The critical inquiry for whether Porter

8

can overcome procedural default is whether Porter could have acquired the transcript when he filed his first habeas petition. *See McClesk*, 499 U.S. at 498. Porter argued that he did not present the transcript to the trial court in his state habeas petition because "[he] did not have a copy of the transcript of the hearing," ECF No. 1 at 5, but Porter's only argument for why he did not acquire the transcript then was that that the court ignored his request for the transcript. *Id.* However, Porter's argument that the trial court ignored his request is wholly incorrect, because the trial court did indeed consider Porter's request. Prior to the filing of his state habeas petition, on March 27, 2012, the trial court advised Porter that he had to contact the court reporter directly to receive a copy of the transcript, and even provided him with the name and address of the specific court reporter. ECF No. 1 at 89.[3]

Additionally, Porter appears to blame defense counsel for failing to discover the lack of biological relationship between Porter and the victim. He argued that counsel was ineffective "for not even checking to see if the prosecutor say [sic] is the truth or a lie." ECF No. 14 at 2. At the time he filed his first state habeas petition, however, Porter was proceeding *pro se*. Thus, his claim that defense counsel failed to discover and introduce the DNA evidence at trial is irrelevant here because the correct focus for overcoming procedural default is on whether Porter, not his defense counsel, had reasonable access to the factual basis for his claim at the time his first state habeas petition was filed. Porter confuses the deficiencies of his first state habeas petition with his defense counsel's alleged deficiencies at trial. When Porter elected to proceed *pro se* in filing his first state habeas petition, the deficiencies of that petition became attributable

---

[3] Certain documentation provided by Porter indicates that at some point, he had a copy of the transcript while he was proceeding in the trial court. *See* ECF No. 1 at 78-80 (citing "statement of transcript by ZAHN Court Report, page 2, line 21, 22, 23 and 24 of the transcript" in his "Motion to Review Newly Discovered Evidence," submitted to the Circuit Court of the City of Norfolk). Additionally, the record indicates that after the denial of his habeas petition, the trial court again denied his request for a transcript on the grounds that he was not entitled to it under *McCoy v. Lankford*, 210 Va. 264 (1969). ECF No. 1 at 81.

9

to him alone. *See Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) (noting that "a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel'").

Accordingly, because Porter provided no cogent argument to explain why he did not acquire the transcript before filing his state habeas petition, the undersigned **FINDS** that Porter failed to establish cause for his procedural default. Because Porter failed to establish cause, there is no need for the undersigned to consider whether Porter suffered actual prejudice. *See Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995) (noting that courts should not consider the issue of prejudice absent cause to avoid the risk of reaching an alternative holding).

Despite Porter's inability to show cause for his procedural default, he may still overcome the procedural bar if he is able to demonstrate that failure to review his habeas claims will result in a fundamental miscarriage of justice. "[I]n order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999) (citing *Murray*, 477 U.S. at 496). To the extent Porter asserted an actual innocence claim, *see* ECF No. 1 at 5 (stating that petitioner was "wrongful[ly] convicted"), he fails in this regard.

To prove a claim for actual innocence, and thus overcome the procedural default bar, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 326 (1995). The Supreme Court has "caution[ed], however, that tenable actual-innocence gateway pleas are rare," and the "standard is 'demanding' and seldom met." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (citing *House v. Bell*, 547 U.S. 518, 538 (2006)).

The trial court considered Porter's claim that the presentation of DNA evidence proving Porter was not biologically related to the victim would have changed the outcome of his trial, and it found this assertion to be "utterly insubstantial in nature" and that Porter had "fail[ed] to demonstrate a reasonable probability of a different result at trial." ECF No. 11, attach. 8 at 6. Porter's claims of actual innocence are limited to conclusory statements that, if it was proven at trial that he was not the biological father, the jury would have believed him over the other witnesses and the prosecutor. ECF No. 1 at 17, 21-24. However, "[c]redibility determinations, such as those the state . . . court made regarding [a witness], are factual determinations. As such, they 'are presumed to be correct absent clear and convincing evidence to the contrary.'" *Wilson v. Ozmint*, 352 F.3d 847, 858 (4th Cir. 2003) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

Porter has not explained how the prosecutor's theory of the case, described by Porter as "she made the jury believe Mr. Porter, the defendant, was the biological father of the victim," ECF No. 1 at 21, undermined the credibility of the witnesses who testified against Porter. Indeed, Porter's claim hinged on the prosecutor's actions, not witnesses' testimony, *see id.* (arguing that the prosecutor allegedly "use[d] sympathy in order to win a conviction lie in the court room during trial, and had the court and jury believing Mr. Porter the defendant was an [sic] dead beat dad!!"), although Porter did state that some witnesses committed perjury, ECF No. 1 at 21. Simply put, Porter argued in the instant petition that this Court should interpret from defense counsel's statements, uttered at a post-trial hearing, that the prosecutor and witnesses knew at the time of trial that Porter was not biologically related to the victim. Defense counsel's statements can hardly be considered to be clear and convincing evidence of the prosecutor and witnesses' alleged knowledge that Porter was not biologically related to the victim, and Porter

has proffered no evidence that the lack of biological relationship would have actually changed the outcome of his trial. Accordingly, Porter fails to substantiate his claim for actual innocence with clear and convincing evidence. Thus, the undersigned **FINDS** that all of Porter's claims are procedurally defaulted because he did not demonstrate cause for failing to include the alleged newly discovered evidence in his state habeas petition, nor does he meet the actual innocence exception to procedural default. Because Porter fails to overcome procedural default, the undersigned will not review the merits of Porter's claims. *See Coleman*, 501 U.S. at 750.

## III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** the Respondent's Motion to Dismiss, ECF No. 10, be **GRANTED,** and that Porter's petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.** Porter's pending Motions to Appoint Counsel and Motion for Evidentiary Hearing, ECF No. 13, are hereby **DENIED**.

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge will make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a

judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to the Petitioner and counsel of record for the Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
November 24, 2014

## CLERK'S MAILING CERTIFICATE

A copy of this Report and Recommendation was mailed on this date to the following:

Mr. Jeffrey Edward Porter, #1142535
Hampton Roads Regional Jail
2690 Elmhurst Lane
Portsmouth, Virginia 23701
*Pro Se* Petitioner

Ms. Susan Mozley Harris
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Counsel for the Respondent

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk
November 24, 2014